**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0709, <u>State of New Hampshire v. Jeffrey Brock</u>, the court on May 6, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Jeffrey Brock, was convicted of three misdemeanor counts of criminal threatening, <u>see</u> RSA 631:4 (2016), and one misdemeanor count of resisting arrest, <u>see</u> RSA 642:2 (2016), following a bench trial in the 2nd Circuit Court – Plymouth District Division (Plymouth District Division) (<u>Boyle</u>, J.). The defendant now appeals two of the criminal threatening convictions and the resisting arrest conviction. Relying on the requirement in Part I, Article 17 of the State Constitution that "no crime or offense ought to be tried in any other county or judicial district than that in which it is committed," the defendant argues that venue was improper in the Plymouth District Division because the conduct underlying the three appealed convictions occurred outside of the Plymouth judicial district. N.H. CONST. pt. I, art. 17. Because the defendant did not timely raise this issue in the trial court, we affirm.

The relevant facts follow. During the defendant's trial, after the State rested its case, the defendant moved to dismiss the charges which led to his appealed convictions. In moving to dismiss the charges, the defendant never argued that <u>venue</u> was improper. Rather, the defendant argued that, because the charged offenses occurred outside of the Plymouth judicial district, the Plymouth District Division did not have "subject matter jurisdiction" over the offenses. The defendant relied on RSA 502-A:11, which provides, in relevant part, that "[e]ach district court . . . shall have <u>original jurisdiction</u>, subject to appeal, of all crimes and offenses committed within the confines of the district in which such court is located . . . which are punishable by a fine not exceeding $2,000 or imprisonment not exceeding one year, or both." RSA 502-A:11 (Supp. 2019) (emphasis added). Although the State recognized that the defendant's motion could potentially implicate the issue of venue, rather than subject matter jurisdiction, the defendant characterized his motion only as a challenge to the "jurisdiction" of the court. After hearing arguments from both parties regarding the subject matter jurisdiction of the circuit court under RSA chapter 490-F and RSA chapter 502-A, the trial court denied the defendant's motion – which the court characterized as presenting a "jurisdiction issue." <u>See generally</u> RSA ch. 490-F (Supp. 2019) (establishing the circuit court and establishing the court's subject matter jurisdiction); RSA ch. 502-A (2010 & Supp. 2019) (providing the boundaries and subject matter jurisdiction of the

former district courts, which were merged into the circuit court pursuant to RSA 490-F:3). At no point during the arguments on the defendant's motion did the defendant or the court refer to Part I, Article 17, the State Constitution, or venue.

Following trial, the defendant filed a motion to reconsider in which he argued that the State had failed to prove proper venue, citing Part I, Article 17. However, the trial court never ruled on the motion's merits, because the defendant filed an appeal with this court. After the appeal was filed, the trial court issued the following order on the motion: "Motion for Reconsideration is respectfully denied. An appeal has been taken. The Court is without jurisdiction to rule on this motion."

The State argues that the defendant waived his right to challenge venue by not doing so before trial. The defendant counters that because "[t]he charging documents alleged crimes in Woodstock, a town within the Plymouth [judicial district], and the trial went forward in a Plymouth courtroom," the defendant properly objected to venue mid-trial. We disagree. As stated above, the defendant first raised the issue of venue in his motion to reconsider, not during trial. It is also notable that the trial court never ruled on the merits of the defendant's venue challenge. Because the defendant did not challenge venue, either before trial or at the close of the State's case, when "all of the facts underlying his objection to venue" were apparent, his venue challenge was not timely raised, and is therefore deemed waived. Petition of State of N.H. (State v. Johanson), 156 N.H. 148, 155 (2007).

Although the defendant does not appeal the trial court's ruling that it had subject matter jurisdiction over the misdemeanor charges, because subject matter jurisdiction, unlike venue, may not be waived, and we may raise subject matter jurisdiction sua sponte, see In re Guardianship of K.B., 172 N.H. 646, 648 (2019), and subject matter jurisdiction was the focus of the proceedings in the trial court, we will address the jurisdiction issue.

"Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought: the extent to which a court can rule on the conduct of persons or the status of things." Appeal of Cole, 171 N.H. 403, 408 (2018). The Plymouth District Division is part of the circuit court. See RSA 490-F:3 (providing that the circuit court "shall consist of . . . a probate division, a district division, and a family division"), :4 (providing that the judicial districts for the district division shall be as set forth in RSA 502-A:1); RSA 502-A:1 (Supp. 2019) (establishing the judicial districts for the district division). The circuit court has subject matter jurisdiction over misdemeanor charges. See RSA 490-F:2 (providing that "[e]ach circuit court location shall have the authority to hear all cases within the subject matter jurisdiction of the circuit court"), :3 (granting the circuit court "the jurisdiction, powers, and duties conferred upon the former . . . district courts" by RSA chapter 502-A), :18

2

(explaining that while there remain statutory references "to the probate or district courts or to the judicial branch family division," those references "shall be deemed to be to the New Hampshire circuit court where it has exclusive jurisdiction of a subject matter and to the superior court and circuit court where the circuit court has concurrent jurisdiction with the superior court"); RSA 502-A:11 (conferring upon the former district courts "original jurisdiction, subject to appeal, of all crimes and offenses committed within the confines of the district in which such court is located which are punishable by a fine not exceeding $2,000 or imprisonment not exceeding one year, or both"). Because the Plymouth District Division is part of the circuit court, and the circuit court has subject matter jurisdiction over the adjudication of misdemeanor charges, the Plymouth District Division had subject matter jurisdiction over the charges at issue. Cf. Colburn v. Saykaly, 173 N.H. ___, ___ (decided March 11, 2020) (slip op. at 3-5) (explaining the subject matter jurisdiction of the circuit court family division).

Affirmed.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**